IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
EIKINS

**JEFFREY A. PHILLIPS,**

    Plaintiff,

  v.

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    Defendant.

**CIVIL ACTION NO. 2:14-CV-67**
**(BAILEY)**

## ORDER ADOPTING REPORT & RECOMMENDATION

On this day, the above styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 18]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Kaull filed his R&R on February 6, 2015, wherein he recommends that the Defendant's Motion for Summary Judgment be granted, and Plaintiff's Motion for Summary Judgment be denied. On February 19, 2015, the plaintiff timely filed Objections to the R & R. [Doc. 19]. For the reasons set forth below, this Court adopts Magistrate Judge Kaull's R&R.

**I.    BACKGROUND**

On August 28, 2009, Jeffrey A. Phillips filed an application for disability insurance benefits ("DIB") alleging disability since June 11, 2009. [Doc. 18 at 1]. On June 13, 2011, Administrative Law Judge ("ALJ") Mark Swayze entered a decision finding Mr. Phillips was not disabled. [Doc. 8-3 at record pg. 110–12]. Thereafter, on July 6, 2011, plaintiff filed another application for DIB alleging disability since June 11, 2009 due to rheumatoid

arthritis, diabetes, and depression. [Doc. 8-5 at 168–69, 199].  Mr. Phillips' applications were denied at the initial and reconsideration levels [Doc. 8-4 at 116–20, 126–28]. On April 2, 2013, Mr. Phillips had a hearing in front of ALJ Regina Carpenter. [Doc. 8-2 at 35–37]. At the hearing, Mr. Phillips, represented by counsel, Brian Bailey, testified as well as Vocational Expert ("VE") Larry Bell. [Doc. 8-2 at 35].  On April 15, 2013, the ALJ entered a decision finding Mr. Phillips not disabled. *Id.* at 14–29.  In accordance with the five-step evaluation process described in 20 C.F.R. § 404.1520, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act at least through December 31, 2014. (Exhibit B3D).

2. The claimant has not engaged in substantial gainful activity since June 14, 2011, the date after the prior hearing decision. (Exhibit B3D). (20 C.F.R. § 404.1571 *et seq.*).

3. The claimant has the following severe impairments: diabetes mellitus; diabetic neuropathy; obesity; hypertension; and bipolar disorder/major depressive disorder. (20 C.F.R. § 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations: no crouching, crawling, or climbing of ladders/ropes/scaffolds and no more than occasional performance of balancing, stooping, or climbing of stairs or ramps; no concentrated exposure to heat, cold, and vibration; must avoid even moderate exposure to hazards such as dangerous moving machinery or unprotected heights; entails only simple, routine, and repetitive instructions and tasks; work must be performed in a low stress setting, defined as requiring no assembly line, no fast paced production requirements, no more than occasional changes in work routine or work setting, and little independent decision making or goal setting; no contact with the public and no more than occasional interaction with co-workers and supervisors; and once work is assigned, work should be able to be performed primarily without working in coordination with others.

6. The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565).

7. The claimant was born on April 23, 1964 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 C.F.R. § 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569(a) and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 14, 2011, through the date of this decision (20 C.F.R. § 404.1520(g)).

[Doc. 8-2 at 16–29].

On July 7, 2014, the Appeals Council denied Mr. Phillips' request for review, which made the ALJ's decision the final decision of the Commissioner. *Id.* at 15. On August 25, 2014, the plaintiff filed the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration for denying plaintiff's claim for DIB under Title II of the Social Security Act. The R&R provides a detailed discussion of the plaintiff's medical history, which this Court will not rehash, and adopts the facts as stated therein. [Doc. 18].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of

any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See **Webb v. Califano**, 458 F.Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made.

An ALJ's findings will be upheld if supported by substantial evidence. See **Milburn Colliery Co. v. Hicks**, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting **Richardson v. Perales**, 402 U.S. 389, 401 (1971)). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." **Sec'y of Labor v. Mutual Mining, Inc.**, 80 F.3d 110, 113 (4th Cir. 1996) (quoting **Consolo v. Fed. Mar. Comm'n**, 383 U.S. 607, 620 (1966)).

## III.   DISCUSSION

In response to the magistrate judge's R&R, the plaintiff asserts four objections to the magistrate judge's report. First, the plaintiff claims that Dr. Salman's opinion was consistent with his treatment notes, specifically concerning Mr. Phillips' limitation of missing four or more days of work per month. Second, the plaintiff asserts that the ALJ's credibility analysis is still unclear based on the ALJ crediting Mr. Phillips' statements relative to treatment notes and then discrediting statements at the hearing. Third, the plaintiff argues that the ALJ did not indicate how Mr. Phillips' activities of daily living equated to the ability

to sustain substantial gainful activities for eight hours per day, fives days per week. Last, the plaintiff asserts that the ALJ based her medical analysis to "define the terms 'stabilization' and 'improvement' to mean that Mr. Phillips was capable of sustaining substantial gainful activity." [Doc. 19 at 1]. This Court will address the objections in the order that they were raised.

> A. The ALJ's assessment of the plaintiff's medical records is supported by the substantial evidence.

The plaintiff claims that the ALJ failed to address why Dr. Salman's treatment notes were inconsistent with Dr. Salman's opinion that Mr. Phillips would miss more than four days of work per month. [Doc. 19 at 1]. The plaintiff also claims that the ALJ ignored 20 C.F.R. § 404.1527. This Court disagrees. The plaintiff dismisses the examples the magistrate judge cites in the R&R [Doc. 18 at 36], and chose to focus on one note in a medical record. Regardless of that fact, the ALJ and the magistrate judge address the plaintiff's concern regarding Dr. Salman's inconsistences in his treatment notes. As the ALJ notes, on December 13, 2011, Dr. Salman opined that the plaintiff was unable to work gainful employment due to his disability. *See* [Doc. 8-9 at pg. 518 (Ex. B16F at pg. 2)]. On March 15, 2013, Dr. Salman opined that the plaintiff would likely be absent from work more than four times a month. *See* [Doc. 8-11 at pg. 604]. The ALJ concludes that Dr. Salman's opinion is inconsistent with the longitudinal view of the record.[1] [Doc. 8-2 at pg. 26]. The ALJ also notes other inconsistencies in Dr. Salman's opinion. For example, on March 15, 2013, Dr. Salman filled out the Medical Source Statement (Mental) and found that the

---

[1] The ALJ states that "[u]ltimately, the Administrative Law Judge has accorded the findings and conclusions of Dr. Salman limited weight due to such being inconsistent with the full longitudinal record in a number of ways." [Doc. 8-2 at 26].

plaintiff was mostly "moderately severe" in the categories for understanding and memory, sustained concentration and persistence, social interaction, and adaptation. [Doc. 8-11 at pgs. 601– 604]. However, over the previous twelve months, Dr. Salman's Psych Progress Notes fail to mention the severity of the plaintiff's condition. *See* [Doc. 8-11 at 598]. Thus, the ALJ's opinion that Dr. Salman's testimony is inconsistent is supported by the substantial evidence. The ALJ did not commit error by giving limited weight to Dr. Salman's findings. Accordingly, the plaintiff's objection is **OVERRULED**.

      **B.**    **The ALJ correctly assessed Mr. Phillips' credibility**.

Next, the plaintiff asserts that the ALJ "seems to be selectively attributing credit to only the portions of Mr. Phillips' statements . . . that show that Mr. Phillips is not disabled." [Doc. 19 at 3].

As set forth by the Magistrate Judge, an ALJ's evaluation of a claimant's credibility must be given great deference. Specifically, it has been held that an ALJ's credibility determination should only be reversed "if the claimant can show it was 'patently wrong.'" ***O'Connor v. Comm'r of Soc. Sec.***, 794 F.Supp.2d 667, 672 (N.D. W. Va. 2011) (citing ***Powers v. Apfel***, 207 F.3d 431, 435 (7th Cir. 2000)). This is in part because the ALJ had "the opportunity to observe the demeanor and to determine the credibility of the Claimant, the ALJ's observations concerning these questions are to be given great weight." ***Shively v. Heckler***, 739 F.2d 987, 989 (4th Cir. 1984) (citing ***Tyler v. Weinberger***, 409 F.Supp. 776 (E.D. Va. 1976)).

Here, the plaintiff's conclusory statement that the ALJ improperly assessed the plaintiff's credibility is unpersuasive. The plaintiff has failed to point to anywhere in the

record where the ALJ summarily dismissed the plaintiff's claims at the hearing. After a careful review of the record the ALJ did not improperly weigh Mr. Phillips' credibility. This Court agrees with the magistrate judge that the ALJ properly followed the credibility assessment as outlined in *Craig v. Charter*, 76 F.3d 585 (4th Cir. 1996). The ALJ opines that:

> At the April 2013 disability hearing, the claimant continued to assert compensable disability status as a result of diabetes, peripheral neuropathy, and depression/anxiety. However, the credibility of the claimant's subjective allegations are [sic] undermined for a number of reasons.
>
> First, the treatment history and medical evidence of record is not indicative of a disabling condition that would render the claimant unable to engage in sustained employment for a continuous period of 12 months.
> . . .
>
> Turning specifically to the claimant's treatment history with regards to his physical condition, the Administrative Law Judge has found the claimant to have greater physical limitations than found in the prior hearing decision, but not to the extent to render the claimant unable to engage in all forms of substantial gainful activity for a continuous period of 12 months. Overall, in light of the electrodiagnostic studies revealing the claimant to have significant diabetic neuropathy, the undersigned has restricted the claimant to greater physical limitations than ascribed for in the prior hearing decision.

[Doc. 8-2 at pg. 19–20].

The ALJ gave several more reasons why the plaintiff was not credible, which the magistrate judge thoroughly addressed. *See* [Doc. 18 at 25]. The plaintiff's proof by assertion argument is crippled by not asserting any evidentiary basis for the objection and by not addressing any specific conclusions the magistrate judge raised. Accordingly, the plaintiff's objection is **OVERRULED**.

### C. The ALJ provided evidentiary support that the plaintiff's daily activities undermines his credibility that he is totally disabled.

The plaintiff argues that the ALJ "did not explain how the ability to attend church service relates to Mr. Phillips' limitations in daily activities; and the ALJ did not explain how Mr. Phillips' ability to attend a weekly church service was indicative of the ability to sustain work for 8 hours a day for 5 days a week." [Doc. 19 at 5].

The ALJ makes the conclusion that the plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). [Doc. 8-2 at 18]. The ALJ makes a detailed finding based on the medical records and in accordance with the requirements of 20 C.F.R. § 404.1529 and SSR 96 4P. *See* [Doc. 8-2 at 19]. After the ALJ provided seven pages to support his opinion, the ALJ opines the following:

> Finally, along with the aforementioned, the full longitudinal record of evidence readily demonstrates that the claimant's allegations of the disabling nature of his alleged impairments are significantly undermined by his daily activities. More specifically, in July 26, 2011 Adult Function Report, the claimant reported that during his typical day he was able to provide care for one of his cats, watch television, and read the newspaper. Further, he indicated that he had no problem with his personal care, prepared his own meals, and mowed his lawn on a tractor. The claimant also reported that he was able to drive an automobile and shop in stores. He further indicated that he was able to attend church on a regular basis.

[Doc. 8-2 at 27].

The plaintiff asserts that the ALJ failed to explain how the ability to attend church service relates to Mr. Phillips' limitations in daily activities. The plaintiff supports his argument by citing to 20 C.F.R. § 404.1572, which provides the definition of substantial gainful activity. [Doc. 19 at 4]. The definition states that "[g]enerally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance,

club activities, or social programs to be substantial gainful activity." 20 C.F.R. § 404.1572.

The plaintiff conflates the requirement that the plaintiff show an inability to engage in any substantial gainful activity with the ALJ's opinion that the record provides evidence that the plaintiff is not totally disabled. Whether the plaintiff is engaged in substantial gainful activity is evaluated at step one of the Social Security Administration's five-step evaluation process. The ALJ determined that the plaintiff was not engaged in substantial gainful activity since June 14, 2011. [Doc. 8-2 at 16]. In determining whether the plaintiff has the residual functional capacity to perform sedentary work, the ALJ made the determination that the plaintiff is not totally disabled, in part, based on the plaintiff's Adult Functional Reports. [Doc. 8-6 at 206]. The ALJ found, in light of the Adult Functional Reports[2] and the plaintiff's testimony at the April 2013 disability hearing, that the residual functional capacity is justified. [Doc. 8-2 at 27]. The ALJ further determined that the plaintiff's treatment history and the Adult Functional Reports demonstrate that the plaintiff lacks a totally disability. Accordingly, the ALJ provided substantial evidence that the plaintiff was not totally disabled and the plaintiff's objection is hereby **OVERRULED**.

**D. The ALJ accurately used the terms "stabilization" and "improvement."**

The plaintiff argues that the ALJ "used her own medical analysis to define the terms 'stabilization' and 'improvement' to mean that Mr. Phillips was capable of sustaining substantial gainful activity." [Doc. 19 at pg. 6]. In essence, the plaintiff rehashes his argument that the ALJ dismissed Dr. Salman's opinion that—despite the record showing that Mr. Phillips had periods of improvement and stabilization— Mr. Phillips would still miss

---

[2] The Adult Functional Report indicates that the plaintiff was able to attend church.

more than four days of work per month. [Doc. 19 at 6].

This Court finds no merit to the plaintiff's objection. As stated above, the ALJ properly gave Dr. Salman's opinion limited weight in reference to the March 15, 2013, Medical Source Statement that the plaintiff would miss more than four days from work a month. [Doc. 8-11 at 604]. The ALJ states that:

> the claimant's treatment history with Dr. Salman is replete with periods of mental health stabilization and improvement. Such periods are inconsistent with a complete inability to engage in work activity for a continuous period of 12 month and the 'Moderately Severe' limitations ascribed by this doctor. Further as noted above, while finding the claimant to have moderately severe limitations as to facets of understanding/memory, Dr. Salman observed the claimant on numerous occasions observed the claimant to have a normal memory. Finally, such findings are inconsistent with the claimant's report social functioning and activities of daily living as articulated upon in Adult Function Reports.

[Doc. 8-2 at 26].

For this reason and the reasons stated in the R&R, this Court finds that the ALJ considered the substantial evidence in the record by befittingly denoting the terms "stabilization" and "improvement."[3] *Id.* Accordingly, the plaintiff's objection is **OVERRULED**.

## IV. CONCLUSION

---

[3] The Court notes that the plaintiff's argument fails to cite to a specific part in the record where the ALJ uses the terms "stabilization" and "improvement." In the R&R, the magistrate judge addresses the plaintiff's contention that the ALJ arbitrarily used the terms "stable" and "improvement." [Doc. 18 at 38]. The plaintiff did not specifically object to the magistrate judge's analysis. As such, to the extent that the plaintiff was referencing the magistrate judge's conclusion, the objection is **OVERRULED**.

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 18]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the Plaintiff's Objections **[Doc. 19]** are **OVERRULED**. Thus, the Defendant's Motion for Summary Judgment **[Doc. 16]** is **GRANTED** and the Plaintiff's Motion for Summary Judgment **[Doc. 10]** is **DENIED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: March 19, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE